J-S17013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| LISA A. SMITH-GOODMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL M. BOYER | : | No. 3013 EDA 2025 |

Appeal from the Order Entered October 28, 2025
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 0C0913919

BEFORE: PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED AUGUST 6, 2026**

Appellant, Lisa A. Smith-Goodman ("Appellant"), appeals *pro se* from the October 28, 2025 order denying her petition to modify the existing custody order between her and Angel M. Boyer ("Mother") with respect to sixteen-year-old Z.K.M., a female. After review, we affirm.

Appellant initiated the underlying custody action against Mother in 2010, when Z.K.M. was one year old, which ultimately resulted in an agreed-upon order awarding the parties shared physical and legal custody. Protracted litigation ensued over the subsequent years, during which the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

suspended Appellant's custody award on two occasions.[1] We note that Appellant's standing in the custody matter was confirmed by the trial court in March 2022. Soon thereafter, the trial court issued an agreed-upon order awarding Mother sole legal and primary physical custody and Appellant supervised physical custody.[2] The trial court then issued the agreed-upon existing custody order on September 11, 2024, wherein Mother was again awarded sole legal and primary physical custody and Appellant's custodial award was changed to partial physical custody on alternating Saturdays for four hours.

On May 9, 2025, Appellant, acting *pro se*, filed the subject petition to modify the existing custody order, in which she requested primary physical and shared legal custody on the basis of alleged but unspecified medical concerns of then sixteen-year-old Z.K.M.[3] The trial court conducted an

---

[1] Our review of the certified docket reveals that the trial court also suspended the custodial rights of Child's biological father, Kozmyk Moses, in February 2015. Such custodial rights were never reinstated.

[2] Since this time, the Honorable Betsy Wahl has presided over the custody matter.

[3] Appellant contemporaneously filed a petition for emergency special relief raising medical, dental, and mental health concerns related to Z.K.M. *See* Petition for Emergency Special Relief, 5/9/25. The court denied this petition by order dated and entered May 29, 2025, following a hearing. *See* Order, 5/29/25. On May 29, 2025, Appellant filed a motion for recusal, largely based upon the denial of the above-referenced emergency petition. *See* Motion for Recusal, 5/29/25. The court denied the motion for recusal on the pleadings by order dated and entered May 30, 2025. *See* Order, 5/30/25.

evidentiary hearing on October 28, 2025, during which Appellant was then represented by counsel, but Mother was self-represented.

The parties testified on their own behalf. In contrast to the request set forth in her modification petition, Appellant did not seek primary physical custody; rather, she sought one overnight per week with Z.K.M. in conjunction with her existing four hours on alternating Saturdays. *See* N.T., 10/28/25, at 4. She further sought shared legal custody or, alternatively, to be permitted access to Z.K.M.'s medical records via online portal. *See id.* at 4-5. Following Appellant's testimony, the following colloquy occurred:

THE COURT: Is this a custody modification? Because --

[COUNSEL FOR APPELLANT]: Yes.

THE COURT: -- you didn't put any factors on the record.

. . .

THE COURT: Are we just going to do one specific, isolated issue or are we doing an entire modification?

. . .

THE COURT: If it's one isolated issue, which is that she wants access to medical and she wants an overnight every --

[COUNSEL FOR APPELLANT]: -- that's it.

THE COURT: -- of the week -- okay. So, can we put on the record that this is not a full custody hearing, it is an isolated -- or [two] isolated issues, and we therefore do not need to put all the factors on the record? Yes?

[COUNSEL FOR APPELLANT]: Yes, Your Honor.

THE COURT: Mom, yes?

[MOTHER]: Yes.

THE COURT: Okay.

[Appellant]: Yeah.

THE COURT: And you are finished with the testimony on those two issues?

[COUNSEL FOR APPELLANT]: [Y]es, Your Honor.

N.T., 10/28/25, at 8-9.

By order dated and entered October 28, 2025, the trial court denied Appellant's modification petition. Appellant, acting *pro se*, timely filed a notice of appeal on December 1, 2025,[4] along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On February 10, 2026, the trial court filed a responsive Rule 1925(a) opinion.

On appeal, Appellant raises the following issues for our review:

1. Did the trial court commit reversible error by failing to conduct the mandatory custody factor analysis required by 23 Pa.C.S.[A.] § 5328(a) when it modified an existing custody order . . . pursuant to 23 Pa.C.S.[A.] § 5338(a)?

---

[4] We note that the deadline for Appellant to file a timely appeal with respect to the subject order technically fell on Thursday, November 27, 2025. **See** Pa.R.A.P. 903(a). However, since that day was Thanksgiving, and the court was closed the following day as well, her time in which to appeal was extended by operation of statute until Monday, December 1, 2025. **See** Pa.R.J.A. 107(a)-(b) (relating to the computation of time and setting forth a rule of construction that excludes the last day of any period that falls upon a Saturday, Sunday, or legal holiday); Pa.R.A.P. 107 (incorporating by reference the rules of construction set forth in the Pennsylvania Rules of Judicial Administration with respect to the Pennsylvania Rules of Appellate Procedure); **see also** Pa.R.A.P. 903, cmt.

2. Did the cumulative effect of the trial court's selective credibility determinations, reliance on facts outside the record, internal inconsistencies, and disparate evidentiary treatment create an appearance of partiality requiring reversal and reassignment on remand?

3. Did the trial court abuse its discretion by relying on a 2019 dependency stay-away order without identifying any factual basis, findings, or record support, and without making independent, current best-interest determinations in the custody matter?

4. Did the trial court abuse its discretion and commit legal error where it asserted that "no evidence was submitted" at the hearing, yet relied extensively on one party's testimony as the evidentiary foundation for its decision, demonstrating internal inconsistency and capricious disregard of competent evidence?

5. Did the trial court abuse its discretion by failing to consider [Z.K.M's] in-camera interview statements, disregarding evidence of [Z.K.M.'s] emotional needs and trauma, and denying renewed therapeutic intervention without addressing [Z.K.M.'s] expressed needs or the court's prior therapy orders?

Appellant's Brief at 2 (reordered for ease of disposition).[5, 6]

---

[5] In her brief, Appellant fails to comply with Rule 2119(a) by not dividing her argument into parts directly corresponding to the issues raised in her statement of questions involved. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein. . . ."). We review Appellant's arguments as best we discern them. *See* Pa.R.A.P. 2101 (stating, "Briefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief . . . are substantial, the appeal or other matter may be quashed or dismissed.").

[6] We conclude that Appellant has waived her third issue on appeal for failing to raise it in her concise statement. *See **In re M.Z.T.M.W.**, 163 A.3d 462, 466 (Pa. Super. 2017) ("'[A]ny issue not raised in a statement of matters *(Footnote Continued Next Page)*

> We review the custody order for an abuse of discretion which
>
> will only be found if the trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record.
>
> In reviewing a custody order, we must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the trial court who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Rogowski v. Kirven*, 291 A.3d 50, 60-61 (Pa. Super. 2023) (cleaned up).

As we stated in *King v. King*, 889 A.2d 630, 632 (Pa. Super. 2005), "It is not this Court's function to determine whether the trial court reached the 'right' decision; rather, we must consider whether, 'based on the evidence presented, given [sic] due deference to the trial court's weight and credibility determinations,' the trial court erred or abused its discretion. . . ." (quoting *Hanson v. Hanson*, 878 A.2d 127, 129 (Pa. Super. 2005)).

"When a trial court orders a form of custody, the best interest of the child is paramount." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014).

_____

complained of on appeal is deemed waived.'") (quoting *Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 797 (Pa. Super. 2006).

"The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." *M.J.N. v. J.K.*, 169 A.3d 108, 112 (Pa. Super. 2017).

In her first issue, Appellant argues that the trial court committed legal error by failing to analyze the custody factors pursuant to Section 5328(a) of the Child Custody Act, 23 Pa.C.S.A. § 5328(a). *See* Appellant's Brief at 8-9. She asserts that the analysis of these factors is mandatory and may not be negotiated away by the parties or circumvented by the court. *See id.*

This Court has explained:

When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. [*See*] *E.D. v. M.P.,* 33 A.3d 73, 80 (Pa. Super. 2011). "**All** of the factors listed in [S]ection 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.,* 33 A.3d 647, 652 (Pa. Super.2011) (emphasis in original). . . . The record must be clear on appeal that the trial court considered all the factors. *Id.*

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "[S]ection 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." *C.B. v. J.B.,* 65 A.3d 946, 955 (Pa.Super. 2013), *appeal denied,* [70 A.3d 808 (Pa. 2013)]. . . .

*A.V. v. S.T.*, 87 A.3d 818, 822-23 (Pa. Super. 2014) (citation formatting altered).

However, in cases where a trial court is tasked with addressing only a "discrete and narrow issue ancillary to a materially unchallenged custody arrangement," consideration of the Section 5328(a) custody factors is not necessary. **M.B.S. v. W.E.**, 232 A.3d 922, 930 (Pa. Super. 2020) (internal quotation marks and citation omitted); **see also M.O. v. J.T.R.**, 85 A.3d 1058, 1062-63 (Pa. Super. 2014) (stating, "Because the trial court did not make an award of custody, but merely modified a discrete custody-related issue, it was not bound to address the sixteen statutory factors in determining the [c]hildren's best interest."). In **S.W.D.**, we explained:

> It is also true that resolution of an otherwise ancillary matter may affect a form of custody and require consideration of the [Section] 5328(a) factors. For instance, the choice of a child's school may factor into a trial court's decision to award a form of custody when the trial court is addressing a request to establish or change legal or physical custody in connection with the choice of school. One parent in a custody dispute may argue that he or she is entitled to primary physical custody because his or her residence has much better schools. On the other hand, many times— like here— these items may appear as independent, discrete issues advanced by motion or petition that does not require a change in the form of custody. Although any decision requires consideration of the child's best interest, only the former situation requires consideration and application of the [Section] 5328(a) factors.

**S.W.D.**, 96 A.3d at 403; **cf. M.B.S.**, 232 A.3d at 929-31 (concluding that the trial court erred in failing to consider the Section 5328(a) custody factors in awarding legal custody).

Instantly, Appellant requested (1) one overnight per week with Z.K.M. in conjunction with her existing partial physical custody, and (2) and shared legal custody or, alternatively, to be permitted access to Z.K.M.'s medical

records via online portal. *See* N.T., 10/28/25, at 4-5. In denying Appellant's requests, the trial court did not assess the Section 5328(a) factors. *See id.* at 16. In this instance, we decline to conclude that the trial court erred because Appellant failed to present evidence related to the Section 5328(a) custody factors. *See id.* at 5-8; *cf. M.B.S.*, 232 A.3d at 931. Indeed, as set forth above, when the trial court inquired on the record in open court whether Appellant was requesting a custody modification, Appellant knowingly and intentionally agreed to the court conducting a narrow review without consideration of the custody factors. *See* N.T., 10/28/25, at 8-9. Appellant did not, although given the opportunity, present any evidence beyond the scope of the aforesaid limited review. *Id*. As such, Appellant's argument opposing the trial court's failure to consider the custody factors is, at best, disingenuous.

Moreover, based on the testimony of Mother, which the court credited, it determined that Appellant's requests were not in Z.K.M.'s best interests. *See* Trial Court Opinion, 2/20/26, at 15-16, 19. Mother testified that Z.K.M., then nearly seventeen years old, did not want to spend overnights with Appellant. *See* N.T., 10/28/25, at 10-11. Additionally, Mother reported that Z.K.M. was up-to-date medically. *See id.* at 11. Thus, the trial court gave due consideration to Z.K.M.'s best interests, which the record evidence supports. Appellant's first issue therefore fails.

To the extent that Appellant argues in her second issue that the custody order is the result of the trial court's bias and impartiality, we conclude that this issue is waived for her failure to develop the issue in the argument section of her brief and support it with citation to relevant legal authority. *See M.Z.T.M.W.*, 163 A.3d at 466 ("It is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority."); *see also* Pa.R.A.P. 2119(a). Even if not waived, we would find the claim meritless.

In essence, Appellant asserts that the trial court's determinations regarding credibility and weight of the evidence were the result of bias against her. *See* Appellant's Brief at 13-14. Thus, Appellant contends that the trial court abused its discretion in denying her request for recusal, which, as stated above, she filed on May 29, 2025. *See id.* at 14.

We review a trial court's denial of a request for recusal for an abuse of discretion. *See Vargo v. Schwartz*, 940 A.2d 459, 471 (Pa. Super. 2007) (citation omitted). Significantly, such a decision is subject to "extreme deference." *Id.* (citation omitted). As we explained in *Commonwealth v. Kearney*, 92 A.3d 51, 60 (Pa. Super. 2014),

> [Our Supreme] Court presumes judges of this Commonwealth are "honorable, fair and competent," and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the "decision by a judge against whom a plea of

prejudice is made will not be disturbed except for an abuse of discretion."

*Id.* (citing *Commonwealth v. Druce*, 848 A.2d 104, 108 (Pa. 2004) (internal citations omitted)).

Here, upon thorough review of the certified record, we discern no abuse of discretion by the trial court's determinations. *See Rogowski*, 291 A.3d at 60-61 ("[W]e must defer to the trial court who viewed and assessed the witnesses first-hand.") (cleaned up). We discern no partiality in the court's determinations. Hence, Appellant's second issue fails.

With respect to Appellant's remaining claims on appeal, which are interrelated, she asserts that the trial court ignored relevant evidence and, instead, relied solely on Mother's unsubstantiated testimony.[7] *See id.* Because these claims, at their core, likewise dispute the trial court's determinations regarding credibility and weight of the evidence, which are entitled to deference, they lack merit.

After a review of the record, we discern no abuse of discretion. We conclude that the trial court duly considered the best interests of Z.K.M, and the evidence supports the court's custody decision. As such, we will not disturb it. *See id.*

_____

[7] Appellant contends that the trial court failed to consider Z.K.M.'s *in camera* testimony. *See* Appellants' Brief at 11-12. However, Appellant subsequently states, and the record confirms, that Z.K.M. was not interviewed with respect to her requests. *See id.* at 18.

- 11 -

J-S17013-26

Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/6/2026

- 12 -